IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIUS REED, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Case No. 20-CV-708-SMY |
| | ) |
| WARDEN SPROUL. | ) |
| | ) |
| Respondent. | ) |

### ORDER DISMISSING PETITION

**YANDLE, District Judge:**

On July 20, 2020, Petitioner filed a Petition under 28 U.S.C. § 2241 challenging how the Bureau of Prisons ("BOP") calculated his time served (Doc. 1). While his Petition remained pending, the BOP inmate locator website indicated that he was no longer in BOP custody (and that has remained the status since). As a result, Petitioner was ordered to show cause in writing on or before March 2, 2023 why his petition should not be dismissed as moot (Doc. 4). The Order, mailed to Petitioner at the address on record, was returned as undeliverable (Doc. 5), and Petitioner has not responded.

Once a habeas petitioner is no longer in custody, "concrete and continuing injury" or "collateral consequences" must exist for the action to present a continued case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Here, Petitioner has not identified any such injury or collateral consequence. Accordingly, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

IT IS SO ORDERED.

DATED: **July 12, 2023**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**